

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXX~~ DEFERRED

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable James E. Kilday
Director, Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

> Opinion No. 0-1855
> Re: Whether or not a proposed truck
> lease form presents a situation
> by which hauling can be done
> without regard to the Texas Motor
> Carrier Law, same being Article
> 911b, Vernon's Annotated Civil
> Statutes.

We have received your letter dated January 13, 1940, which is self-explanatory and same reads as follows:

"We enclose a file which is self-explanatory and which reflects a proposal whereunder Valley Shippers have associated themselves in a corporation for the purpose of marketing fruits, et cetera from the Valley to various points in both inter and intrastate points and whereunder this corporation will lease trucks from various persons with a plan in view of this corporation's then hauling its products in these leased trucks on a theory that it is a hauling of its own goods in its own trucks or at least a hauling of the goods of the constitutent members of the corporation in these leased trucks.

### "QUESTIONS

"Does this plan, reflected by the enclosed documents, present a situation whereunder this hauling can be done without regard to the Texas Motor Carrier Law or is the proposal a mere subterfuge to circumvent compliance with said law?"

The proposed lease form reads, in part, as follows:

"Lessor is the owner of the following described motor truck:

"Engine No. _____ State License No. _____
Manufacturer _____

_____, having the capacity of
Three and one-half (3-$\frac{1}{2}$) tons and has leased same to Lessee, such
lease being for a period of one year beginning on the _____ day of
_____, A. D. 19_____, and ending on the _____ day of
_____, 19_____, both days inclusive, subject to the herein-
after set forth terms and conditions:

"(a)  The aforesaid truck is being leased primarily for the
transportation of fresh fruits and/or vegetables and/or fruit
juices, from the Lower Rio Grande Valley of Texas to Northern,
Eastern and Western markets; and for the transportation of both
canned and fresh fruits and/or vegetables and juices, and packers'
and shippers' supplies from Northern, Eastern and Western cities
in the United States to the Lower Rio Grande Valley of Texas.
Lessee agrees to pay Lessor as rental for said truck the sum of
_____ Dollars per week, plus an additional _____
cents per ton mile for the transportation of all commodities,
above described, during the period of time covered by this lease.

"(b) Lessor warrants that said motor truck is in first class
condition and in every respect suitable for the transportation of
fresh fruits and/or vegetables; that said truck has been duly
licensed and is so constructed and equipped as to comply with all
the rules and regulations governing its operation over the highways
of this and other states.  Any repairs necessary to keep the said
truck in good running condition throughout the life of this lease
shall be at the expense of the Lessor; and in the event that the
operation of said truck should be suspended for purposes of neces-
sary repairs during the life of this lease, such loss of time shall
be considered to be for the account of Lessor and the life of this
lease shall be extended, without additional rental payment, for a
corresponding period in order to compensate Lessee for such loss of
time.

"(c)  Lessee, during the term of this lease, shall have abso-
lute control and use of said motor truck in the same manner as though
it was the absolute owner thereof.  Lessee will employ, subject to
the approval of Lessor, the operator or operators of said truck; but,
it is expressly agreed by all parties hereto that Lessee shall have
absolute control and supervision of the operator and/or operators
of said truck.  Lessor agrees to waive any claim and relinquish
and release Lessee from any liability for any injury or damage oc-
casioned to said truck during the term of this lease, whether
caused by negligence of the driver or otherwise.

"(d) Lessee agrees, at its expense, to carry fire, theft and accident insurance to protect Lessor against loss and injury to said truck.

"(e) Lessee also agrees at its expense to carry public liability insurance with proper rider or omnibus clause so as to fully protect all parties hereto in the amount of Twenty Five Thousand ($25,000.00) Dollars for death or injury to one person, and Fifty Thousand ($50,000.00) Dollars for death or injury to two or more persons growing out of the same accident, and in the amount of at least One Thousand ($1,000.00) Dollars for property damage. This insurance to be carried in a company authorized to do business in the State of Texas."

We are unable to arrive at the legal effect of the heretofore quoted lease form as to its general application. It could well be that the operation of a truck under the said lease form in one instance would have the effect of rendering the Motor Carrier Law inapplicable, while in another instance and under the same lease form, the operation of the truck would be subject to the provisions of the Motor Carrier Law. In any event, it would be necessary to ascertain the facts and circumstances leading to the making of each particular lease as well as the facts and circumstances relating to the operation thereunder in order to determine whether or not the Motor Carrier Law is applicable thereto. In this connection, see Anderson, Clayton and Co. vs. State, 62 S.W. (2d) 107 and 82 S.W. (2d) 941.

We call your attention to our opinions Nos. O-1221 and O-1401, copies of which are enclosed, which are in accord with our holding here.

We are, therefore, unable to pass upon the questions of whether or not the proposed lease agreement presents a situation by which hauling can be done without regard to the Motor Carrier Law or whether the said lease agreement is an attempt to evade the provisions of the Motor Carrier Law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Glenn R. Lewis
            Glenn R. Lewis
            Assistant
By s/ Lee Shoptaw
            Lee Shoptaw

LS:GO
ENCLOSURE            APPROVED FEB 2, 1940
                     Gerald C. Mann
                     ATTORNEY GENERAL OF TEXAS
APPROVED OPINION COMMITTEE BWB Chairman